VICENS *v.* CUEVAS.

APPEAL from the District Court of Mayagüez.

Decided March 27, 1905.

INJUNCTION—DELIVERY OF DOCUMENT BY VIRTUE OF WHICH INJUNCTION IS ISSUED.—In a case where a preliminary injunction has been issued, and to the sworn application therefor, there has been attached the document by virtue of which such injunction was issued and a copy thereof delivered to the adverse party upon service of notice of the application, it is unnecessary to comply with the provisions of rule 16 of the rules governing the introduction of evidence in district courts, for such would be equivalent to a repetition of what had already been made known to the party in interest.

ID.—APPLICATION OF THE RULES OF COURT.—The construction and application of the rules in each particular case is within the sound discretion of district courts, which are in a better position than the appellate court to decide whether or not the same have been violated.

ID.—LACHES.—Where a party against whom an injunction has been issued makes no allegation whatever against the injunction being made permanent in spite of the fact that an opportunity is given him therefor, he cannot afterwards successfully allege that such injunction was issued without giving him an opportunity to be heard with respect to the merits of the case.

ID.—DISSOLUTION OF PRELIMINARY INJUNCTION.—In a case where the defendant has filed a motion praying for the dissolution of a preliminary injunction issued against him and has served notice of such motion upon the applicant, the latter is relieved of the necessity of filing any motion whatever praying that the injunction be made permanent if it is proper for such an order to be made.

ID.—PERMANENT INJUNCTION.—An injunction which has not been incorporated in the judgment rendered in a suit or proceeding cannot be considered a permanent injunction, because it possesses the character only of a provisional remedy, according to the provisions of section 1 of the Law of Injunctions, approved March 1, 1902.

The facts are set forth in the opinion.

*Mr. Vázquez,* for appellant.

*Mr. García Cuervo,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Antonio Vicens, as manager and representative by express appointment of Manuel Martínez, appeared before the District Court for the Judicial District of Mayagüez, with what he alleged to be the first copy of an instrument dissolving the commercial firm of Berrios & Co., Limited, alleging that notwithstanding that the third clause of said instrument of dissolution expressly provided that the applicant should assume charge of the assets, liabilities and stock of Manuel Martínez, a special partner in the firm, Ramón Cuevas had placed himself at the head of the house and was doing business without authority or power from anyone, thus preventing Martínez or his agents from taking charge of the assets, liabilites and stock, and he prayed that, after furnishing bond if considered necessary, a preliminary restraining order issue directing said Cuevas to refrain from performing any act as the head of the commercial firm, that he leave it, and

that he relinquish to the disposition of Martínez or his agents the stock and management thereof.

On September 20, 1904, the judge, in view of the sworn statement of Antonio Vicens, issued an order to Ramón Cuevas to appear in court within the period of ten days and show cause why a permanent injunction should not issue against him to restrain him from performing any acts as the principal liquidator of the firm of Berrios & Co., Limited, and why any other just remedy should not be granted. Cuevas was further ordered not to perform any of the acts referred to until further orders of the court.

The order was given to the marshal who certifies that he received it on the 21st of the month and year cited, and that he served it the same day on Ramón Cuevas, delivering to him the copies thereto attached.

Ramón Cuevas then, after the expiration of the ten days granted him, presented the following motion:

"No. 325. District Court of the Judicial District of Mayagüez. Antonio Vicens *v.* Ramón Cuevas. In the matter of a preliminary injunction. To the Honorable Judge, Isidoro Soto Nussa. I, Fernando Vázquez, attorney-at-law, on behalf of Ramón Cuevas, in the matter of a preliminary injunction applied for by Antonio Vicens, as the manager and representative by express appointment of Manuel Martínez, respectfully state: (1) The restraining order having issued on the 20th instant, the ten days from the issue thereof expired yesterday, without the applicant having delivered during such period to the adverse party a copy of the documents upon which said *ex parte* order was issued, together with a notice specifying that within the time therein mentioned a petition would be made to the court, or to the judge out of court, for a continuance of such order, said petition being based on the documents, notice of which was served on the opposite party and which were delivered to the secretary in the case. (2) Within said ten days after the issue of the order my client did not appear before the court or before you with a petition for notice of the order of injunction, or give the adverse party due notice, or advise him of the date he would appear, or of the petition he was to make, or of the documents of which he would avail himself, or de-

liver copies thereof to him. For the reasons stated, I pray the court
to dissolve the injunction or restraining order issued. in this case
on the 20th instant against Ramón Cuevas, my client, that the proper
order be issued for the purpose and that Antonio Vicens be adjudged
to pay the loss and damage caused my client and the costs. I pray for
justice. Mayagüez, September 31, 1904. Fernando Vázquez, coun-
sel for defendant. Sworn and subscribed before me at Mayagüez,
October 5, 1904. Rodolfo Ramírez. Notice of the foregoing motion
has been served on me and I have received a copy thereof. Maya-
güez, October 5, 1904. William Falbe, secretary."

Antonio Vicens opposed the foregoing motion, alleging
that a copy of the instrument relating to the dissolution of
the firm of Berrios & Co., Limited, was delivered in due time
to Cuevas, and he therefore closed praying that the motion
be denied, with the costs against the petitioner.

The judge decided on October 18, 1904, that the law and
the facts were against the defendant, Ramón Cuevas, with
the costs against him, and therefore made the preliminary
injunction permanent.

Cuevas appealed from the foregoing decision of October
13, 1904, and in his argument before this Supreme Court he
alleged a violation of section 16 of the regulations governing
civil proceedings and the taking of evidence in district courts,
approved by the Attorney General of Porto Rico, and that
the parties had not presented oral arguments on the main
issue.

This rule provides:

"Rule 16. When an order is granted for a temporary injunction,
or restraining order, or for the appointment of a receiver, upon an
ex parte hearing before the judge at chambers, such order shall ex-
pire at the end of ten days from the time of granting the same, unless
before the expiration of said ten days the moving party shall serve
upon the opposite party a copy of the papers upon which said ex
parte order shall have been granted, together with a notice that at
the time specified therein application will be made to the court, or
judge at chambers, for the continuance of such order on the papers

so served and filed in the case. And the opposing party shall have a reasonable time after such notice is served upon him, not to exceed ten days, in which to prepare and present his opposition to the motion to continue such order.''

Although the respondent entered an appearance he has made no allegations, and the appellant maintains that the order granting the preliminary injunction should have expired ten days after having been issued, because the applicant did not deliver to him a copy of the documents upon which said order was issued, together with a notice of the petition made for the continuance of said order, the said petition being based on the document thus served and delivered to the secretary in the case. This he alleges is a violation of rule 16.

But the fact is that in the case which occupies the attention of this Supreme Court, the affidavit was accompanied by the document upon which the preliminary injunction or restraining order issued, that is to say, the instrument of September 10, 1904, which contains the dissolution of the commercial firm of Berrios & Co., Limited, and the third clause thereof which is the basis of the application; and of this document a copy was delivered to the opposite party as may be deduced from the writ issued to the marshal of the District Court of Mayágüez; and this being the case, there was no necessity for repeating what had already become known to the person directly interested in this case, Ramón Cuevas.

The construction and application of the regulations in each specific case are left to the sound discretion of the court, and in this case the Mayagüez court which received the affidavit together with the document which was the basis of the application, is best qualified to judge whether or not the copy of such document came into the possession of the adverse party in due time, and we must assume that it did so come, as the judge decided that the law and the facts were against

the opposing party, and we must therefore deduce that the violation alleged does not exist.

The party appellant was given an opportunity to present any reasons he might have against the granting of a permanent injunction before the district court, but he did nothing in this regard, and now his allegation before this court that oral arguments on the main issue were not heard cannot avail him.

Furthermore, rule 17 of the regulations provides that when a motion is made to dissolve a preliminary injunction and notice thereof has been given, the party in whose favor the injunction or restraining order issued is relieved of the necessity of making an application for the continuance of the order; and this is another reason which now exists against the party appellant, inasmuch as said party applied for the dissolution and gave notice thereof to the applicant herein.

But there is one circumstance which should be taken into consideration, and that is that the decision of October 18, 1904, states that the preliminary injunction is declared permanent and final.

This decision cannot have the force of a permanent injunction, because it was not embodied in the judgment upon an action or suit, according to the definition given in the first section of the law. Consequently, it cannot be more than a provisional remedy constituting merely a preliminary restraining order, and it is only and merely as such that the said decision of October 18, 1904, rendered by the District Court for the District of Mayagüez, should be affirmed, and we so recommend.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Wolf did not sit with the court at the hearing of this case.